UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARSHAUN LYNN ROBINSON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-3222 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner Marshaun Lynn Robinson ("Robinson"), an inmate incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed a *pro se* petition for a writ of habeas corpus. (Docket No. 1.) Robinson challenges the Texas Board of Pardons and Paroles' ("the Board") denial of his release to parole or mandatory supervision. Respondent William Stephens ("Respondent")[1] has moved for summary judgment. (Docket No. 18.) Robinson has also moved for summary judgment and filed other related motions. (Docket Entry Nos. 14, 24, 25.)

After reviewing the pleadings, the record, and the applicable law, particularly the application of the Anti-Terrorism and Effective Death Penalty Act, the Court **grants** summary judgment in Respondent's favor, **denies** Robinson's pending motions, and **denies** his petition. The Court will not certify any issue for consideration by the Court of Appeals for the Fifth Circuit.

---

[1] Effective June 1, 2013, William Stephens succeeded Rick Thaler as the Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Stephens "is automatically substituted as a party." FED.R.CIV.P. 25(d).

## BACKGROUND

Robinson is incarcerated pursuant to a judgment and sentence from the 338th Judicial District Court of Harris County, Texas in cause number 1280018. In 2010, Robinson pleaded guilty to one charge of possession of cocaine 1-4 grams with intent to deliver. The trial court sentenced Robinson to seven years' incarceration. Robinson did not appeal. Robinson does not challenge the underlying validity of his conviction or sentence in the instant action.

In 2011, the Board found that Robinson was not eligible for parole or mandatory supervision.[2] (State Habeas Record at 38.) Specifically, the Board decided not to grant parole because: (1) Robinson "had repeatedly committed criminal episodes or has a pattern of similar offenses that indicates a predisposition to commit criminal acts," he was "in a gang or organized criminal activity," or had a juvenile or adult arrest record; (2) "the record indicates excessive drug or alcohol involvement which includes possession, use or delivery"; and (3) "the record indicated unsuccessful periods of supervision on previous probation, parole, or mandatory supervision that resulted in incarceration[.]" (State Habeas Record at 37.)

---

[2] Under Texas law,

> [m]andatory supervision is "the release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOVT. CODE ANN. § 508.001(5) (Vernon 1998). With certain exceptions, Texas law requires "the release of an inmate who is not on parole to mandatory supervision when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* § 508.147(a). Parole, by contrast, is discretionary. *Coleman v. Dretke,* 395 F.3d 216, 219 n. 1 (5th Cir. 2004). But once an inmate is released to mandatory supervision, he is considered to be on parole. TEX. GOVT. CODE ANN. § 508.147(b); *Coleman,* 395 F.3d at 219 n. 1.

*Jackson v. Johnson*, 475 F.3d 261, 264 (5th Cir. 2007).

Robinson filed a state habeas application pursuant to TEX. CODE CRIM. PRO. art. 11.07. (State Habeas Record at 2-11.) In four separate grounds for relief, Robinson alleged that he met the requirements for early release, the Board exhibited bias against him and others by denying parole to non-violent offenders, the Board found his drug and alcohol use "excessive" without any standard governing the definition of that term, and that he was unfairly penalized for violating the terms of his earlier mandatory supervision. The State of Texas filed a reply arguing that the Board's decision was not subject to judicial review. (State Habeas Record at 17.) Alternatively, the State asked the trial court to find that certain factual issues needed to be resolved. Specifically, the State asked the trial court to order an affidavit from Texas Department of Criminal Justice ("TDCJ") officials concerning why Robinson was ineligible for mandatory supervision. (State Habeas Record at 17-18.)

The trial court ordered the TDCJ Office of General Counsel to file an affidavit. (State Habeas Record at 20-21.) In response, Charley Valdez, a Program Supervisor for the TDCJ Classification and Records Department submitted an affidavit stating that Robinson was not eligible for mandatory supervision "pursuant to Texas Government Code § 508.149(a) due to prior conviction of robbery-bodily injury[.]" (State Habeas Record at 43-44.) The State thereafter filed proposed findings of fact and conclusions of law. The trial court signed the proposed findings and conclusions. In pertinent part, the trial court found "based on the credible affidavit of Charley Valdez and the official court records that [Robinson] is not eligible [for] release to mandatory supervision because he was previously convicted of robbery." Thus, Robinson "fails to show that he is being unlawfully confined." (State Habeas Record at 52-53.) The trial court recommended that the Texas Court of Criminal Appeals deny relief. The Court of Criminal Appeals denied Robinson's state habeas application on the written findings of the trial

court without a hearing. *Ex parte Robinson*, No. WR-76,860-01 (Tex. Crim. App. Jan. 11, 2012).

Robinson filed his federal habeas petition raising four grounds for relief. Specifically, Robinson argues:

1. The Board improperly denied his release to parole or mandatory supervision despite his having met the requirements for release;

2. The Board based its denial on "biased behavior";

3. The Board based its denial on "excessive" drug involvement without defining what conduct is excessive; and

4. The Board did not take into consideration his positive behavior while on parole, and instead, violated the prohibition against double jeopardy by basing its decision on his violation of the terms of an earlier mandatory supervision.

Respondent has moved for summary judgment. (Docket No. 18.) Robinson filed a reply to Respondent's summary-judgment motion (Docket No. 21) and three other motions that remain pending. First, Robinson has filed a motion for sanctions because Respondent filed a tardy answer to his petition. (Docket No. 14.) Second, Robinson has filed a cross-motion for summary judgment. (Docket No. 24.) Finally, Robinson has filed a "Motion for Rocket Docket" seeking expeditious adjudication of his petition. (Docket No. 25.)

This case is ripe for adjudication.

## LEGAL STANDARDS

Federal law authorizes this Court to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that

he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).   Under the AEDPA, "a federal court cannot grant a petition for a writ of habeas corpus unless the state court's adjudication of the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law.'"  *Berghuis v. Thompkins*, 560 U.S. 370, ___, 130 S. Ct. 2250, 2258 (2010) (quoting 28 U.S.C. § 2254(d)(1)).  Likewise, federal courts afford significant deference to a state court's factual determinations, presuming all factual findings to be correct. *See* 28 U.S.C. § 2254(e)(1),(2).

Both parties have moved for summary judgment.  Summary judgment is generally proper where the record shows "no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56.  "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases."  *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000).  However, Congress has constricted both the nature and availability of habeas review, through the AEDPA.  This Court, therefore, applies general summary judgment standards only insofar as they do not conflict with the language and intent of the AEDPA or other habeas law.  *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004); Rule 12 of the RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.  Where the state courts have already resolved a prisoner's factual allegations by express or implicit findings, and the prisoner fails to prove by clear and convincing evidence that the presumption of correctness of 28 U.S.C. § 2254(e)(1) should not apply, construing facts in his favor is inappropriate and unauthorized.

## ANALYSIS

Respondent asks this Court to deny habeas relief because (1) the denial of parole is not cognizable on federal habeas review and (2) Robinson is statutorily ineligible for mandatory supervision. Robinson complains that he has "met the requirements for [an] early release based on goodtime, flat time, worktime, and mand. sup. time credits. (Docket No. 3 at 6.) Texas state prisoners may become eligible for release either by parole, or through a mandatory supervised release program. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). An inmate does not have a constitutional right to conditional release prior to the expiration of a valid sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).

The Fifth Circuit has expressly held that there is no constitutional expectancy of parole in Texas, *Creel v. Keens*, 928 F.2d 707 (5th Cir. 1991), and no right to be released on parole. *Madison*, 104 F.3d at 768 (citing TEX. CODE CRIM. P. ANN. art. 42.18 § 8(a)). Because an inmate's interest in parole is entirely speculative, Robinson has no constitutional right to parole and the failure of the Board to grant parole does not merit federal habeas relief. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir.1995).

Respondent also argues that, due to Robinson's 2010 conviction for second degree robbery with bodily injury, Texas law makes him ineligible for release on mandatory supervision. At the time of Robinson's conviction in the instant case, section 508.149(a)(11) of the Texas Government Code stated that "an inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of . . . a second degree felony under Section 29.02, Penal Code." TEX. PENAL CODE § 29.02 defines the second-degree crime of robbery when, in the course of committing theft, the defendant causes bodily injury to another. On March 1, 2010, the 208th District Court for Harris County, Texas

entered a judgment against Robinson in cause number 1039054 pursuant to a guilty plea for the second-degree felony of "robbery-bodily injury." (Docket No. 18, Exhibit C.) The state habeas court correctly observed that "[b]ecause [Robinson] was previously convicted of the felony offense of robbery, he fails to show that he has been improperly denied release to mandatory supervision." (State Habeas Record at 53.) As Robinson is not eligible for mandatory supervision under state law, his federal habeas claims relating to the Board's decision making process are without merit.

Accordingly, Respondent is entitled to summary judgment.

## CERTIFICATE OF APPEALABILITY

The AEDPA prevents appellate consideration of a habeas petition unless the district or circuit courts certify specific issues for review. *See* 28 U.S.C. § 2253(c); Fed. R. App. Pro. Rule 22(b). Robinson has not yet requested that this Court grant him a Certificate of Appealability ("COA"), although this Court can consider the issue *sua sponte*. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A court may only issue a COA when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Definitive and binding precedent forecloses relief on Robinson's claims. Under the appropriate standard, Robinson has not shown that this Court should authorize appellate consideration of any claim.

## CONCLUSION

Robinson has not raised any issue meriting federal habeas corpus relief. The Court, therefore, **GRANTS** Respondent's motion for summary judgment (Docket No. 18) and **DENIES** Robinson's petition. Given the resolution of Robinson's petition, the Court will **DENY** his

motion for sanctions (Docket No. 14) and motion for summary judgment (Docket No. 24.) The Court also **DENIES** Robinson's motion for a rocket docket (Docket No. 25) as **MOOT**. The Court will not certify any issue for appellate consideration.

    SIGNED at Houston, Texas, this 24th day of September, 2013.

                                                 MELINDA HARMON
                                        UNITED STATES DISTRICT JUDGE